**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-00138-RM-MLC

TAMMY HOLLAND,

    Plaintiff,

v.

WAYNE W. WILLIAMS, in his official capacity as
Colorado Secretary of State,

    Defendant.

---

**PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**

---

In accordance with the Court's June 12, 2018 opinion and order, Plaintiff Tammy Holland requests that the Court pair its entry of declaratory relief with a permanent injunction. The Secretary does not consent to the granting of this motion.

A party is entitled to a permanent injunction if she shows: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Crandall v. City & Cty. of Denver*, 594 F.3d 1231, 1235-36 (10th Cir. 2010) (citation omitted). Holland has shown actual success on the merits, Opinion & Order 24 (ECF 161), which is "often . . . the determinative factor" in First Amendment cases, *Citizens United v. Gessler*, 773 F.3d 200, 218 (10th Cir. 2014) (citation omitted).[*] Moreover, the record confirms that the three remaining factors are also met.

---

[*] *Citizens United* and a number of other decisions cited in this motion involved preliminary injunctions, not permanent ones. They are nonetheless instructive because "[t]he standard for a

*First*, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion). For that reason, "[w]hen an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016) (citation omitted). In 2014, for example, the Tenth Circuit held that a different part of Colorado's campaign-finance regime violated the First Amendment and, on the strength of that holding, concluded that "the remaining preliminary-injunction factors present little difficulty." *Citizens United*, 773 F.3d at 218. In another recent challenge to the state's campaign-finance law, Judge Kane likewise entered injunctive relief on the ground that "[a] violation of a First Amendment right *ipso facto* constitutes irreparable injury." *Coal. for Secular Gov't v. Gessler*, 71 F. Supp. 3d 1176, 1183 (D. Colo. 2014), *aff'd*, 815 F.3d 1267 (10th Cir.), *cert. denied*, 137 S. Ct. 173 (2016).

This case is no different. The Court has already held that the private-enforcement system violates the First Amendment. Opinion & Order 23, 26. The undisputed evidence shows that the system is deterring Holland from speaking out about issues affecting her community. SUMF 26-27 (ECF 131-1). That speech is "the essence of First Amendment expression." Order & Opinion 11; *see also Snyder v. Phelps*, 562 U.S. 443, 451-52 (2011). And Holland has repeatedly been subjected to unconstitutional private-enforcement complaints in the past. *Cf. Wooley v. Maynard*, 430 U.S. 705, 712 (1977) (noting history of "successive" prosecutions in affirming permanent injunction).

---

preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 32 (2008) (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

Moreover, Holland's experience is far from unique. The Secretary acknowledges that private-enforcement complaints can "bankrupt" and "close" political groups and can "irreparably harm small entities, thereby violating their first amendment rights." SUMF 10. The Secretary's 30(b)(6) representative even conceded that the system "stops people from participating in the political process." *Id.* 39; *see also* MSJ 8-11 (ECF 131) (discussing system's burdens on speakers); MSJ Reply 11-14 (ECF 154) (same). Holland's experience bears this out, and like the plaintiffs in *Citizens United*, *Coalition for Secular Government*, and many other First Amendment cases, she is entitled to the security of a permanent injunction.

*Second*, the record contains no suggestion that the Secretary would be harmed by injunctive relief. Foremost, the Secretary has no interest in administering an unconstitutional law. *Cf. Joelner v. Vill. of Washington Park*, 378 F.3d 613, 620 (7th Cir. 2004) ("[T]here can be no irreparable harm to a municipality when it is prevented from enforcing an unconstitutional statute . . . ."). As a practical matter, moreover, the record shows that the private-enforcement system affirmatively disserved whatever interests the state might have in a functioning campaign-finance regime. The unrebutted evidence shows that the system wastes public and private resources. MSJ 25-27; SUMF 10, 75-78. It prevents the Secretary from offering authoritative guidance to the regulated community. MSJ 24; SUMF 70. It destabilizes the Secretary's legal interpretations. MSJ 24-25; SUMF 70-71. Worse still, it fuels misconduct that subverts the campaign-finance laws themselves. *See, e.g.*, Opinion & Order 18 n.12. In short, there is no basis for finding that injunctive relief would harm the Secretary in any way—and certainly not to a degree that would outweigh the injury to Holland's and other Coloradans' First Amendment rights.

*Third*, and as the Court's opinion suggested, the public-interest factor is also met. *See* Order & Opinion 26 n.18. That is because "it is always in the public interest to prevent the violation of a party's constitutional rights." *Verlo*, 820 F.3d at 1127 (citation omitted); *see also id.* ("Vindicating First Amendment freedoms is clearly in the public interest.") (citation omitted). Additionally, the Secretary's office has already announced that any potential threat to the public can be addressed through rulemaking. *See* Colo. Sec'y of State, *Colorado's campaign finance enforcement mechanism struck by federal court* (June 12, 2018), https://bit.ly/2tkScxx.

* * *

The Court should grant a permanent injunction along with the declaratory relief discussed in the June 12 opinion and order.

Dated: June 19, 2018.                           Respectfully submitted,

                                                s/ Samuel B. Gedge
                                                Paul M. Sherman
                                                Samuel B. Gedge
                                                INSTITUTE FOR JUSTICE
                                                901 North Glebe Road, Suite 900
                                                Arlington, VA 22203
                                                Telephone: (703) 682-9320
                                                Fax: (703) 682-9321
                                                E-mail: psherman@ij.org
                                                        sgedge@ij.org

                                                Clifford L. Beem
                                                A. Mark Isley
                                                Danielle C. Beem
                                                BEEM & ISLEY, P.C.
                                                730 17th Street, #850
                                                Denver, CO 80202
                                                Telephone: (303) 894-8100
                                                Fax: (303) 894-8200
                                                E-mail: clbeem@beemlaw.net
                                                        amisley@beemlaw.net

-5-

dcbeem@beemlaw.net

*Attorneys for Plaintiff*

-6-

# CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2018, I served a true and complete copy of this document on the following counsel by CM/ECF:

    Matthew D. Grove
    COLORADO ATTORNEY GENERAL'S OFFICE
    Ralph L. Carr Colorado Judicial Center
    1300 Broadway
    Denver, CO  80203
    E-mail: matt.grove@coag.gov

    s/ Samuel B. Gedge
    Samuel B. Gedge
    INSTITUTE FOR JUSTICE
    901 North Glebe Road, Suite 900
    Arlington, VA 22203
    Telephone: (703) 682-9320
    Fax: (703) 682-9321
    E-mail: sgedge@ij.org