**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 16-cv-00138-RM-MLC

TAMMY HOLLAND,

    Plaintiff,

v.

WAYNE W. WILLIAMS, *in his official capacity as Colorado Secretary of State*,

    Defendant.

---

## ORDER
---

On January 20, 2016, plaintiff Tammy Holland ("plaintiff") filed a Complaint against defendant Wayne W. Williams in his capacity as the Colorado Secretary of State ("defendant"), alleging Article XXVIII, § 9(2)(a) of the Colorado Constitution ("Section 9(2)(a)") and Colo. Rev. Stat. § 1-45-111.5(1.5)(a) ("Section 1.5(a)") are facially unconstitutional under the First and Fourteenth Amendments of the U.S. Constitution. (ECF No. 1.)

On June 12, 2018, this Court entered an Opinion and Order granting plaintiff's motion for summary judgment to the extent that plaintiff was entitled to a declaratory judgment that Article XXVIII, § 9(2)(a) of the Colorado Constitution and Colo. Rev. Stat. § 1-45-111.5(1.5)(a) are facially unconstitutional under the First and Fourteenth Amendments of the U.S. Constitution. (ECF No. 161 at 26.)  In addition, the Court concluded that it was unable to rule upon plaintiff's request for permanent injunctive relief or defendant's request for a stay pending appeal, and ordered the parties to submit briefing with respect to those matters. (*Id*. at 23-26.)

The parties have now done so. Specifically, plaintiff has filed a motion for permanent injunction (ECF No. 162), and defendant has filed a response thereto (ECF No. 164). In addition, defendant has filed a brief addressing the necessity of a stay (ECF No. 163), and plaintiff has filed a response thereto (ECF No. 165). The Court makes the following findings and rulings.

**Stay Pending Appeal**

In the brief addressing the necessity of a stay, defendant asserts that no stay of the declaratory judgment is needed. (ECF No. 163 at 2.) As a result, the Court need not further address whether to grant a stay pending appeal, and does not do so herein.[1]

**Permanent Injunction**

Plaintiff argues that it is entitled to a permanent injunction because (1) it has achieved actual success on the merits, (2) the loss of First Amendment freedoms is "unquestionably" an irreparable injury, (3) there is no evidence that defendant would be harmed by injunctive relief, and (4) it is always in the public interest to prevent the violation of a party's constitutional rights. (ECF No. 162 at 2-4.)

Defendant responds that plaintiff is not entitled to a permanent injunction because there is no threat of future harm to plaintiff. (ECF No. 164 at 1-4.) Specifically, defendant asserts that, since the June 12, 2018 Opinion and Order, it has adopted emergency administrative rules addressing the constitutional concerns raised in the Opinion and Order. (*Id*. at 1-2.) Defendant argues that its new

---

[1] In response to defendant's brief, plaintiff states that the Court may wish to resolve pending motions to restrict. (ECF No. 165 at 1.) As far as the Court is concerned, the pending motions to restrict are collateral to the issues decided in the June 12, 2018 Opinion and Order, and thus, the Court need not address those motions to restrict prior to entering judgment. The Court will resolve the pending motions to restrict as its schedule allows.

administrative rules ensure that plaintiff and other political speakers in Colorado will not suffer harms from the system this Court found unconstitutional. (*Id.* at 3.)

As an initial matter, both parties present convincing arguments as to why a permanent injunction should or should not be granted. On one hand, plaintiff cites a number of cases from the U.S. Supreme Court and the Tenth Circuit Court of Appeals, concluding something along the lines that "'the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury'" (ECF No. 162 at 2 (alteration omitted) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976))), and thus, "'most courts hold that no further showing of irreparable injury is necessary'" (ECF No. 162 at 2 (quoting *Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016))).

On the other hand, defendant presents equally authoritative cases, concluding that a necessary consideration when assessing injunctive relief "is that there exists some cognizable danger of recurrent violation." (ECF No. 164 at 2 (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894 (1953))).

Under the circumstances of this case, in particular the circumstances occurring since entry of the June 12, 2018 Opinion and Order, the Court finds defendant's line of reasoning more applicable. That is not to say that plaintiff's line of reasoning is not persuasive, it certainly is, *but*, the circumstances here are different to those in the cases plaintiff cites. Notably, since entry of the June 12, 2018 Opinion and Order, defendant has adopted new administrative rules for the filing of complaints alleging a violation of Colorado's campaign finance laws. (*See* ECF No. 163-1.) In none of the cases plaintiff cites, and in none of the cases this Court has independently researched, has a defendant, after a court has found a law to be unconstitutional, voluntarily gone out and adopted new

rules to replace the unconstitutional law prior to the same court deciding whether to grant a permanent injunction. As far as the Court can discern, that is a unique distinction of this case.

It is perhaps not difficult to understand why this circumstance may be unique—as defendant states, there was a pressing need for new rules to be adopted prior to upcoming primary elections. (*See* ECF No. 164 at 1.) In the cases the Court has found in which an injunction has not issued following a finding of unconstitutionality, the furthest a defendant has gotten is either representing that it will not break the law or establishing that the alleged injury could not occur at the time. *See, e.g.*, *Reprod. Health Services v. Marshall*, 268 F. Supp. 3d 1261, 1294-95 (M.D. Ala. 2017) (assuming the defendant would act in accordance with the law); *Dominion Transmission, Inc. v. Town of Myersville Town Council*, 982 F. Supp. 2d 570, 580-581 (D.Md. 2013) (finding that there was no threat of imminent harm); *Gay Lesbian Bisexual Alliance v. Sessions*, 917 F. Supp. 1558, 1564 (M.D. Ala. 1996) (stating that the defendant had provided reassurances that it would follow the law). Here, due to the exigencies of an upcoming election, defendant has gone much further than the defendants in the cases cited above—defendant, here, has actually replaced (albeit temporarily) the offending law.

The question, therefore, is whether the new rules defendant has adopted pose "some cognizable danger of recurrent violation." *W.T. Grant*, 345 U.S. at 633. Here, the violation upon which plaintiff relies in her motion for permanent injunction is "the private-enforcement system." (ECF No. 162 at 2-3.) In light of the new rules defendant has adopted, there is no danger of that violation recurring at this time. Notably, under the new rules, the only role a private citizen has in enforcing Colorado's campaign finance rules is in filing a complaint with defendant, in pursuing an appeal of any decision not to file a complaint with a hearing officer, and in seeking permission from

a hearing officer to file legal arguments or factual documentation. (*See* ECF No. 163-1 at Rules 18.2.1, 18.2.4(B)(1), 18.2.6(C).) The principle violations alleged in the Complaint—the automatic forwarding of complaints from defendant to a hearing officer and defendant not prosecuting complaints (ECF No. 1 at ¶¶ 2, 24, 26)—no longer exist. Moreover, the new rules further provide that any complaint sent to a hearing officer *prior* to the adoption of the new rules must be returned to defendant. (*See* ECF No. 163-1 at Rule 18.2.11.) As such, there is now no basis for the Court to find that plaintiff may suffer recurrent injury from the "private-enforcement system."

In addition, plaintiff is not helped by the factors set forth in *W.T. Grant* for assessing the danger of a recurrent violation: "the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations." *W.T. Grant*, 345 U.S. at 633. To the extent the last factor applies in this case, the Court acknowledges that it favors plaintiff, given that the Court found that plaintiff's First Amendment rights were violated. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 346, 115 S.Ct. 1511 (1995). The other factors weigh against plaintiff, however. As for the "bona fides" of defendant's intent to comply, the Court has no reason to doubt defendant's representation that there is "no intention of reverting to the process declared unconstitutional by this Court unless and until the Tenth Circuit were to reverse this Court's ruling." (*See* ECF No. 164 at 3.) As for the effectiveness of defendant's discontinuance, as just discussed, the new rules defendant has adopted are effective in addressing the violations alleged in the Complaint. As a result, the Court does not find that there is a danger of recurrent violation under the present circumstances, and thus, plaintiff is not entitled to a permanent injunction at this time.

The operative words in the preceding sentence are "at this time." As defendant acknowledges, the new rules are temporary. (ECF No. 164 at 3.) Defendant provides no guidance on what "temporary" means in terms of the duration of the new rules. As such, it is more than arguable that a strong chance exists of the new rules being replaced or expiring. The Court does not intend to be a fortune-teller, but, due to the temporary nature of the new rules, the Court will retain jurisdiction so as to enforce the declaratory judgment that will be entered in this case; just as other courts have done in similar circumstances. *See, e.g.*, *Reprod. Health Services*, 268 F. Supp. 3d at 1294-95; *Dominion Transmission*, 982 F. Supp. 2d at 580-581; *Citizen v. Carlin*, 2 F. Supp. 2d 18, 20 (D.D.C. 1998); *Gay Lesbian Bisexual Alliance*, 917 F. Supp. at 1564; *see also Metzger v. UNUM Life Ins. Co. of Am.*, 151 F. App'x 648, 651 (10th Cir. Oct. 6, 2005) ("even after a district court has entered judgment, it retains ancillary jurisdiction to enforce its own orders and judgments."); 28 U.S.C. § 2202 (providing that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.").

As a result, should a change take place in the facts underlying the decision herein to deny the motion for permanent injunction—i.e., the new rules defendant has adopted—the parties may present any changed factual circumstances to the Court at that time, irrespective of whether an appeal has been filed in this case.

Accordingly, the motion for permanent injunction (ECF No. 162) is DENIED. The Clerk is instructed to enter Judgment and then ADMINISTRATIVELY CLOSE this case, subject to re-opening in the event that the parties are entitled to present any changed factual circumstances to the Court in accordance with this Order. The Clerk shall enter the following Judgment:

Judgment is entered in favor of plaintiff Tammy Holland to the extent that it is hereby declared that Article XXVIII, § 9(2)(a) of the Colorado Constitution and Colo. Rev. Stat. § 1-45-111.5(1.5)(a) are facially unconstitutional under the First and Fourteenth Amendments of the U.S. Constitution.  Plaintiff's motion for permanent injunction (ECF No. 162) is DENIED.

**SO ORDERED.**

DATED this 29th day of June, 2018.

                                           BY THE COURT:

                                           _____
                                           RAYMOND P. MOORE
                                           United States District Judge